HARRY COHEN, Appellant, v. GEORGE D. ORLOVE and Others, Respondents.

First Department, January 11, 1924.

Judgments — motion to open alleged default judgment on mortgage foreclosure — judgment was rendered after several adjournments — motion to open was adjourned on offer of settlement — offer was not carried out — error to open judgment.

It was error for the court to grant an order on defendants' motion to open an alleged default judgment in foreclosure proceedings, since it appeared that the case was adjourned several times because of the illness of counsel for defendants; that shortly before the summer vacation of the court defendants were ordered to and did procure other counsel who appeared in court to represent them and who had at least four days to prepare the case before it was reached for trial; that substituted counsel virtually permitted judgment to be taken under the terms of a settlement; that after the order to show cause why the judgment should not be opened and before the argument of the motion, offers of settlement were made and over the objection of plaintiff's counsel when the motion came on to be heard, the hearing was adjourned and on the adjourned hearing, although the defendants had failed to carry out their offer of settlement, the court granted the motion upon the payment of costs in the foreclosure proceedings, referee's fees, and the expenses of advertising the property for sale.

Upon the failure to carry out the terms of the settlement, the defendants had no further right to insist that the plaintiff defer his remedy of sale of the mortgaged land.

APPEAL by the plaintiff, Harry Cohen, from an order of the Supreme Court, made at the Bronx Special Term and entered in the office of the clerk of the county of Bronx on the 31st day of August, 1923, granting the defendants' motion to open an alleged

default judgment upon certain terms and conditions, and also from an order entered in said clerk's office on the 18th day of September, 1923, denying the plaintiff's motion for a reargument of the first mentioned motion.

*Leopold Freiman,* for the appellant.

*Charles Weishaupt* [*Harry Mabel* of counsel], for the respondents.

McAVOY, J.:

The order made at Special Term opened a so-called default judgment entered against defendants in a foreclosure action. The plaintiff asserts there was no default, but really a failure of defendants to carry out a settlement after judgment was entered upon an inquest with the approval of the attorney appearing in place of defendants' attorney, who at the time was seriously ill and confined to a hospital.

The case was adjourned continuously from sometime in the April term owing to the illness of counsel for defendants. The defendants were ordered on the 9th day of June, 1923, to obtain other counsel, and counsel appeared in court to represent them. It was not asserted then that the defendants were out of town and could not be located, nor that witnesses were missing, nor that the case was a complicated case and required long preparation. The summer vacation being about to intervene, an adjournment meant that the case would go over to the October term. The counsel who attended at the calendar call had at least four days to prepare his case before the same was actually reached for trial. He then virtually permitted the judgment to be taken under the terms of a settlement. After the order to show cause on this motion was obtained, and before the argument of the motion, offers of settlement were again made, and it was promised that some moneys on account would be paid; but these proposals never came to fruition. The affidavit of defendant George Orlove in support of the motion, states: " The time when the $1,000 was to be paid could not be agreed upon, counsel for the plaintiff insisting that it should be paid at once. But upon the matter being presented to Mr. Justice Tierney, he, against the objection of the counsel for the plaintiff, adjourned the motion to August 14, 1923, in order to afford me an opportunity to obtain the $1,000 to pay."

An attorney, representing the plaintiff, insisted that the arrangements be concluded by a stipulation in writing, which the defendants refused to make. The parties having failed to carry out the proposed settlement, the application was pressed, and the court granted the motion upon the payment of costs as taxed, amounting to $113.65, referee's fees, and the expenses of the advertising and

sale to the extent of $150 for advertising to date. The judgment of foreclosure provided for the payment of the sum of $113.65 costs and for an extra allowance, and the cost of advertising this property for sale was $640.75.

We think the order should be reversed. There cannot be said to have been a true default through mistake, neglect or inadvertence; what happened was that defendants were prevented from carrying out the terms of the settlement through inability to procure the moneys intended to be paid, and delayed plaintiff's remedy by repeated adjournments of the motion to open the alleged default with the hope of procuring the money elsewhere that was originally promised to pay off the amount agreed upon.

Not having procured the moneys necessary to discharge the promised sums, defendants urged their motion and had it granted without any showing of proper grounds for this relief. Upon failure to carry out the terms of the settlement, the defendants had no further right to insist that plaintiff defer his remedy of sale of the mortgaged land, and the motion should have been denied.

The order granting the motion to open default should be reversed, with ten dollars costs, and the motion denied, with ten dollars costs, and the appeal from the order denying motion for reargument dismissed, without costs.

CLARKE, P. J., DOWLING, SMITH and MERRELL, JJ., concur.

Order reversed, with ten dollars costs and disbursements to the appellant, and motion to vacate said judgment and to open defendants' default denied, with ten dollars costs, and appeal from order entered on September 18, 1923, dismissed.